# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

PETER M. BERNEGGER,

      Appellant,

v.                                                   Case No. 10-CV-1158
                                                           10-CV-1159

THOMAS J. KING,

      Appellant.

_____

## ORDER

On May 6, 2011, this court issued an order in the above-captioned matters: affirming the bankruptcy court's order denying appellant Peter M. Bernegger's ("Bernegger") Motion to Vacate Order Denying Motion for Waiver of the Filing Fee for an Appeal; denying appellant's motion to proceed *in forma pauperis* on appeal; and certifying that the appeal had been taken in bad faith. (Docket #9). Moreover, the court ordered the appellant to forward to the Clerk of the Bankruptcy Court, within 14 days from the date of the order, the sum of $250.00 as the full filing fee in this appeal and warned Bernegger that his failure to do so would result in dismissal of the appeal.

On May 23, 2011, Bernegger filed a letter with the court noting that he had sent correspondence to his wife asking her to pay the filing fee because he had inadequate funds in his prisoner trust account. (Docket #10). It was not until June 10, 2011, that this court received notice that Bernegger paid the $250.00 filing fee to the Clerk of the Bankruptcy Court. (Docket #12). In accordance with 11 U.S.C. § 8001(a), the district court is authorized to dismiss the appeal for a debtor's failure

to "take any step other than timely filing a notice of appeal." In this case, Bernegger was given ample opportunity to comply with the court's order regarding payment of the filing fee, yet the payment of the filing fee was still accomplished in an untimely fashion. As such, dismissal of his appeal, based on this fact alone would be warranted.

However, the court is also obliged to dismiss Bernegger's appeal for another independent reason. Bernegger's appeal challenges the bankruptcy court's order denying appellant's second motion to reopen his chapter 13 bankruptcy case. Federal statute 11 U.S.C. § 350(b) provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." However, several courts have found that § 350(b) does not apply to a dismissed case. *See e.g. In re Income Property Builders, Inc.*, 699 F .2d 963, 965 (9th Cir. 1982)*; In re Archer*, 264 B.R. 165, 168 (Bankr. E.D. Va. 2001);*In re Garcia*, 115 B.R. 169, 170 (Bankr.N.D.Ind. 1990); *In re Critical Cave Support Services*, 236 B .R. 137, 140–41 (E.D. N.Y.1999); *In re Woodhaven, Ltd.*, 139 B.R. 745, 747–48 (Bankr.N.D. AL 1992) . In these cases, the courts have found that § 350(b) applies only to cases that are closed pursuant to § 350(a) which provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). As § 350(a) makes clear, § 350 is aimed at estates that have been fully administered and, therefore, § 350(b) is not applicable to cases which were dismissed without administration of the then-known estate.

In this case, Bernegger's Chapter 13 case was dismissed for failure to make plan payments. (Docket #'s 130, 140; Bankr. Case No. 07-24994). Thus, § 350(b) does not apply to his case. Instead, courts have found that the standards of Federal Rule of Civil Procedure 60(b), made applicable by Fed. R. Bankr. P. 9024, control whether relief should be afforded and Bernegger's motion to reopen his dismissed bankruptcy case should be construed as a request to set aside the order dismissing the debtor's case. *In re Garcia*, 115 B.R. at170; *In re Archer*, 264 B.R. at 168; *In re Barragan*, 2006 WL 6593256, at *5 (Bankr. S.D. Cal. Sept. 18, 2006).

Bernegger is not entitled to relief under the Rule 60 standards. Rule 60(b) provides that a court may relieve a party from a judgment on the following grounds: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Because more than one year has passed after entry of the order dismissing Bernegger's petition before he filed his motion to reopen, Bernegger cannot rely on clauses (1), (2) or (3) of Rule 60(b). The one-year limitation bars actions brought under these clauses. *See* Fed. R. Civ. P. 60(c)(1). Unfortunately for Bernegger, all his arguments in support of his motion in the bankruptcy court – and in this court on appeal – are based on either newly discovered evidence or fraud. Accordingly,

Bernegger is not entitled to relief under Rule 60(b), and the bankruptcy court's decision will be affirmed.[1]

On June 9, 2011, Bernegger also filed a Motion to Alter or Amend this court's May 6, 2011 Order pursuant to Federal Rule of Civil Procedure 59(e). (Docket #11). But Rule 59(e) is not an appropriate avenue for seeking relief because there has been no judgment entered in this appeal. On the other hand, relief from an order may be found under Rule 60(b), but, as previously noted, the bases for such relief are limited to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged or is based on an earlier judgment that has been reversed or vacated; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The Seventh Circuit has made clear that "Rule 60(b) relief is an extraordinary remedy" which can be "granted only in exceptional circumstances." *Karrakerv. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 628 (7th Cir. 1997)). A Rule 60(b) motion is not the place "to slip in arguments that should have been made earlier," or to rehash arguments the court previously rejected. *Id*. Bernegger's motion simply offers arguments this court has already found to be lacking in merit, and he

---

[1] While the bankruptcy court did not base its decision to deny the reopening of Bernegger's case on this basis and it appears to have construed Bernegger's motion to reopen pursuant to § 350, the bankruptcy court's denial of Bernegger's motion was ultimately proper as Bernegger is not entitled to vacation of the bankruptcy court's dismissal order. Therefore, the court shall affirm the bankruptcy court's decision.

establishes no basis for entitlement to the extraordinary relief provided by Rule 60(b). As such, the court is obliged to deny Bernegger's motion pursuant to Rule 60(b).

Accordingly,

**IT IS ORDERED** that the bankruptcy court's denial of Bernegger's motion to reopen his Chapter 13 case is **AFFIRMED**;

**IT IS FURTHER ORDERED** that appellant's motion to alter or amend the court's May 6, 2011 Order (Docket #11) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this appeal be and the same is hereby **DISMISSED.**

The clerk of court is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of June, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge